AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
EASTERN

**FILED**
MAR 22 2023
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

Markus A. Green Pro se
_____
Petitioner

v.    Case No. _____
            (Supplied by Clerk of Court)

Warden Garcia, Bobby Lumpkin,
Tx Bd of Pardons & Paroles, attorney
General of Texas, Ken Paxton
_____
Respondent
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Markus A. Green
   (b) Other names you have used: Mark Anthony Green

2. Place of confinement:
   (a) Name of institution: H. H. Coffield Unit
   (b) Address: 2661 F.M. 2054, Tennessee Colony, Texas 75884
   (c) Your identification number: SID# 03897658; TDCJ # 1118715

3. Are you currently being held on orders by:
   ☐ Federal authorities   ☒ State authorities   ☐ Other - explain:
   The Texas Board of Pardons & Parole

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: 167th Judicial District Court of Travis County, Austin, Texas
   (b) Docket number of criminal case: 9014200
   (c) Date of sentencing: July 8th, 2002 (trial began) sentenced 06/12/2002
   ☐ Being held on an immigration charge
   ☒ Other (explain): Being held under an illegal parole decision denying immediate release from custody

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

   ☐ Pretrial detention

   ☐ Immigration detention

   ☐ Detainer

   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

   ☐ Disciplinary proceedings

   ☐ Other *(explain)*: _The denial of Release from Custody of TDCJ by the Bd of Pardons and Paroles_

6. Provide more information about the decision or action you are challenging:

   (a) Name and location of the agency or court: _Enclosed/included is the Notice sent me, denying Mandatory Release on 0/27/23_

   (b) Docket number, case number, or opinion number: _____

   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: _Denial of "Mandatory Release" By The Respondent (Texas Board of Pardons & Paroles)_

   (d) Date of the decision or action: _0/27/23_

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

   Did you appeal the decision, file a grievance, or seek an administrative remedy?

   ☐ Yes   ☑ No   _Parole is not appealable through Grievance Process_

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _n/a_

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal: _____

8. Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☐ Yes    ☒ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: *Petitioner has been improperly cited for abuse of writ under §11.07(4) C.C.P. and can't exhaust state remedy*
   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal: *There's an absence of an available state process to secure review of these claims because a state law being applied to him (11.073(4) c.c.P.) has closed future state habeas relief.*

9. Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes    ☒ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court:
   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: *For the reasons previously stated in this (see above) application form*

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes          ☐ No

   If "Yes," answer the following:

   (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes          ☐ No

   If "Yes," provide:
   (1) Name of court: *Not applicable in this Petition*
   (2) Case number:
   (3) Date of filing:
   (4) Result:         *N/A*
   (5) Date of result:
   (6) Issues raised:

   (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes          ☐ No

   If "Yes," provide:
   (1) Name of court:
   (2) Case number:
   (3) Date of filing:   *N/A*
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: This is a challenge to state custody pursuant to a State Parole Bd decision denying immediate release from state custody

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes  ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes  ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes  ☐ No

If "Yes," provide:

(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

Page 6 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

N/A

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes    ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: § 2241
(b) Name of the authority, agency, or court: 24th Judicial District Court of Calhoun County, Texas
(c) Date of filing: 
(d) Docket number, case number, or opinion number: on 12/12/22  68/08/22
(e) Result: Pending as of March 6, 2023
(f) Date of result: 
(g) Issues raised: unlawful custody, violative of U.S. 13th Amendment; no commitment papers on file to justify is 30 yrs of confinement; no Discharge documents confirming release from the custody of that sentence.

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The Denial of Green's immediate Release from custody by Respondent "Parole Board" is a violation of his U.S. 13th amendment right to Due Process prior to denial of liberty. Therefore Respondents denial under section "20" is unconstitutionally applied

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

U.S. 13th amendment makes an exception to confinement and servitude when a party has been "duly convicted" for a crime. The Tex. court of Criminal appeals prohibited the prosecution and imprison of persons under §165.152 TX. occup. who are not licensed doctors (DiRuzza, 549sw3d 301) Green is not a licensed doctor (never has been) but is serving 40 yrs under for a conviction under §165.152, a legal impossibility. Denial under "902" violates 13th protections

(b) Did you present Ground One in all appeals that were available to you?   Due Process is required to show cause for the custody.
☒ Yes   ☐ No

GROUND TWO: Respondent's Denial of Release under section "902" is a denial of Green's Due Process Rights under the U.S. 13th & 14th amendments Due Process clause. It's not possible for Green to violate the offense (165.152 TX occup) he's convicted of. Respondents extension of his custody violates his Due Process Rights & he is informed of

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:  any lawful reason for his custody;

It's not possible for Green to commit the offense he was convicted of and sentenced for. Only licensed doctors (which he was not) are subject to prosecution under §165.152 TX occp. In order to invoke 902 Respondent must have lawful custody of the prisoner, subsequent to a lawful conviction. The TX Court of crim app. Ruled in DiRuzzo that it is not lawful to place a person who is not a licensed doctor in custody for this offense. Due Process Requires Respondent to show cause why the U.S. 13th & 14th are not implicated

(b) Did you present Ground Two in all appeals that were available to you?  and why Green's custody is lawful.
☒ Yes   ☐ No

GROUND THREE: Respondents custody of Green through Parole Bd decisions that deny Release, violate Green's Due Process Rights under 18 USC §241 and 18 USC §1589, and the U.S. 14th amendments because He is actually innocent of the charge Respondent is Restraining him for, and is not an "offender" under 901

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

In Order for Green to be subject to the restraints of the denial under 901 he must actually be an "offender" who is actually guilty of an offense which subjects him to the Respondents authority under the law (§508. TX. gov't. but in DiRuzzo 549 sw3d 301, 581 sw3d The TX. ct of crim apps. Ruled that a person who is not a licensed doctor is not subject to loss of liberty, or to custody under 165.152 TX occup. code. Green was not a doctor at that time he was placed in custody and restrained of liberty by Respondent. Since he can't commit the offense he is actually "innocent" of a 901 violation or

(b) Did you present Ground Three in all appeals that were available to you?  of "good conduct" infractions
☒ Yes   ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Green is not subject to 5D or 1D because he didn't commit an criminal offense under §165.152 TX occup. consistent with a finding under 1D and but for Respondents custody of him under an offense not applicable to him, His prior Federal Supervision & state parole would have been successfully completed because he is actually innocent of any conduct subject to 5D or 1D & his Due Process is denied

(a) Supporting facts (Be brief. Do not cite cases or law.): The U.S. Constitution's 5th & 14th amendments Requires Respondents to provide a meaningful hearing to justify the deprivation of Green's liberty, property, voting Rights and other rights being denied by the Parole Bd through enforcement of 5D or 1D. But Green is actually innocent of any criminal act under §§508 govt. code and by extension actually innocent of any act or failure to act under 5D or 1D because he has not violated any criminal act under §165.152 TX occup which subjects him to Respondent's custody of him under that offense code and Green is being deprived of Due Process.

(b) Did you present Ground Four in all appeals that were available to you?
☑ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: cited for abuse of the writ and his right to appeal/Petition is being denied under 11.073(4) C.C.P. by the Texas court of criminal appeals and was sanctioned with loss of good conduct time although he is not guilty of any criminal act under §165.152 TX occup to justify the taking of good conduct time or rights under 11.07 C.C.P.

### Request for Relief

15. State exactly what you want the court to do: Immediate Release from his unlawful Restraint of his liberty by the Respondents, Bobby Lumpkin, Warden Garcia, and the Texas Bd of Pardons and Paroles voting (Mr. Brian Long) members. after a hearing and upon a finding that he is actually innocent of the conduct alleged in 9D2, 1D, 2D, 5D because he is actually innocent of a criminal violation of §165.152 TX occup. code & enhancement paragraphs (12.42(d) Penal code) as Respondent Parole Board of Texas has alleged. and grant such further Relief that he may be justly entitled to protect his U.S. 13th, 14th, amendment rights and statutory rights under 18 USC §242, & §1589.

/s/ Marcus Green

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: March 13, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 03/13/23

*Markus A. Green Pro se # 1118715*
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*